a

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

| | |
|---|---|
| SAID FRANCISCO HERRERA, Petitioner | CIVIL DOCKET NO. 1:19-CV-1326-P |
| VERSUS | JUDGE DRELL |
| CALVIN JOHNSON, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) filed by *pro se* Petitioner Said Francisco Herrera ("Herrera") (#10145-280). Herrera is an inmate in the custody of the Federal Bureau of Prisons incarcerated at the United States Penitentiary in Pollock, Louisiana. Herrera contests the legality of his conviction and sentence.

Because Herrera cannot meet the requirements of the savings clause of 28 U.S.C. § 2255, the Petition (Doc. 1) should be DISMISSED for lack of jurisdiction.

## I. Background

Herrera was convicted of racketeering; conspiring to engage in racketeering; conspiring to interfere with commerce by threats or violence; and conspiring to possess with intent to distribute heroin, cocaine, and marijuana. See United States v. Herrera, 466 F. App'x 409, 412-29 (5th Cir. 2012); United States v. Perea, 625 F.Supp. 2d 327, 329 (W.D. Tex. 2009), aff'd sub nom. United States v. Herrera, 466 F. App'x 409 (5th Cir. 2012). Herrera received four concurrent life sentences. (Case 3:08-CR-0059, W.D. Tex., Doc. 676).

Herrera's conviction and sentences were affirmed. United States v. Herrera, 466 F. App'x 409, 412 (5th Cir. 2012). The United States Supreme Court denied writs. Herrera v. United States, 568 U.S. 1091 (2013).

Herrera filed a motion to vacate under § 2255, claiming that the court erred in imposing four concurrent life sentences; the prosecution failed to prove he entered into a racketeering agreement; and his trial and appellate counsel provided constitutionally ineffective assistance. (Case 3:08-CR-0059, W.D. Tex., Doc. 956). The motion to vacate was denied. (Case 3:08-CR-0059, W.D. Tex., Doc. 1034). The United States Fifth Circuit Court of Appeals and Supreme Court denied writs. (Case 3:08-CR-0059, W.D. Tex., Doc. 1099, 1127).

Herrera filed a motion to reduce sentence under 18 U.S.C. § 3582(c)(2), which was denied. (Case 3:08-CR-0059, W.D. Tex., Doc. 1119).

Herrera filed a Motion for Relief from Judgment seeking relief from the court's denial of his § 2255 motion. (Case 3:08-CR-0059, W.D. Tex., Doc. 1148). Because the motion raised two new claims, the court determined that it should be construed as a second or successive § 2255 motion. (Case 3:08-CR-0059, W.D. Tex., Doc. 1150). Because Herrera had not obtained authorization from the Fifth Circuit to file a second or successive § 2255 motion, Herrera's motion was dismissed without prejudice for lack of jurisdiction. (Case 3:08-CR-0059, W.D. Tex., Doc. 1150).

Thereafter, Herrera filed a motion in the Fifth Circuit seeking authorization to file a second and successive § 2255 motion. The Fifth Circuit denied authorization, finding that Herrera did not make a prima facie showing that his claims contain

"'newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense' or 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'" (Case 3:08-CR-0059, W.D. Tex., Doc. 1155).

Herrera then filed a Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense. (Case 3:08-CR-0059, W.D. Tex., Doc. 1157). The motion was denied because Herrera's sentence was calculated under guidelines for murder, not crack cocaine. (Case 3:08-CR-0059, W.D. Tex., Doc. 1159).

In his § 2241 Petition, Herrera claims that 18 U.S.C. §§ 1962 and 1963—under which he was convicted and sentenced—are unconstitutional. Therefore, Herrera claims that the district court lacked jurisdiction to convict him.

## II. Law and Analysis

The "savings clause" of § 2255 provides a limited exception to the rule that a § 2241 petition may not be used to challenge the validity of a federal sentence and conviction. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). The clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The petitioner bears the burden of affirmatively proving the inadequacy of § 2255. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

The Fifth Circuit has identified the limited circumstances under which the savings clause of § 2255 applies. To fall under this provision, a petitioner must demonstrate that: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition. See Reyes–Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

Herrera argues that "section 2255(e) restrictions are not applicable" to him because "to deny petitioner's claim of illegal imprisonment by challenging the constitutionality of the law under procedural or timeliness is to effectively suspend the writ of habeas corpus contrary to the suspension clause." (Doc. 1-2, pp. 4-5). Herrera's argument is unavailing. The "gatekeeping provisions" of § 2255 that "restrict a prisoner's ability to bring new and repetitive claims in 'second or successive' habeas corpus actions" have been upheld against a Suspension Clause challenge. See Boumediene v. Bush, 553 U.S. 723, 774 (2008) (citing Felker v. Turpin, 518 U.S. 651, 662–664 (1996)).

Herrera does not allege that his claim is based on a retroactively applicable Supreme Court decision that decriminalized the conduct for which he was convicted. Therefore, Herrera cannot show that § 2255 is inadequate or ineffective to test the legality of his detention. Herrera is not entitled to proceed under the savings clause

4

of § 2255(e), and he cannot establish that he is exempt from the restrictions on second and successive petitions.

### III. Conclusion

Because Herrera cannot meet the requirements of the savings clause of § 2255(e), the Petition (Doc. 1) should be DISMISSED for lack of jurisdiction, WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of Herrera's claim.[1]

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party

---

[1] See Pack, 218 F.3d at 454 ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without prejudice* regarding all other issues."); Reed v. Young, 471 Fed. Appx. 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 16th day of December, 2019.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE